**MCMANIMON, SCOTLAND & BAUMANN, LLC**
Andrea Dobin, Esq.
427 Riverview Plaza
Trenton, NJ 08611
(973) 323-8667
adobin@msbnj.com
*Attorneys for Joseph D. Marchand, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>STEVEN A. BROWN,<br><br>Debtor. | Case No. 24-22747(ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg, Jr. |

**CERTIFICATION OF JOSEPH D. MARCHAND, CHAPTER 7 TRUSTEEE, IN SUPPORT OF ORDER APPROVING SETTLEMENT AND COMPROMISE WITH JAIME GIACOBBE AND MORPHEUS ONE, LLC AS TO DEMAND FOR TURNOVER**

Joseph D Marchand, Chapter 7 Trustee ("**Trustee**") in the Chapter 7 bankruptcy proceeding of Steven A. Brown, Chapter 7 debtor, of full age, certifies as follows:

1. On December 30, 2024 (the "**Petition Date**"), the debtor, Steven A. Brown (the "**Debtor**"), filed a petition for relief under Chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. On December 30, 2024, I was appointed to serve as the Chapter 7 Trustee, with the duties described in 11 U.S.C. § 704 to collect and reduce to money the property of the estate.

3. The Debtor's bankruptcy petition reflected that the Debtor resides at 114 N. Martindale Ave., Ventnor City, New Jersey (the "**Property**").

4. As a result of the testimony received at the First Meeting of Creditors and my independent investigation, I learned that the Debtor sold the Property to Morpheus One, LLC ("**M1**") in August, 2023.

5. As part of the transaction pursuant to which M1 purchased the Property, the parties entered into a lease with the Debtor enabling the Debtor to reside in the Property for a period of three (3) years from the sale date in exchange for a payment of $150,000 at the commencement of the term (the "**Lease**"). The monthly rent was $4,166.67.

6. As of the Petition Date, nineteen (19) months' worth of rent under the Lease, totalling, $79,166.73 had not been earned by M1 (the "**Unearned Rent**"), but were in the possession of M1 and/or its principal, Jaime Giacobbe ("**Giacobbe**"), as the transferee of the rent due under the Lease.

7. I concluded that the Unearned Rent was property of the Estate as of the Petition Date pursuant to 11 U.S.C. §541 and made demand for turnover of same against M1 and Giacobbe. Payment was not immediately tendered.

8. After discussions and further discovery, I was able to reach an agreement with Giacobbe pursuant to which she will tender the sum of $50,000 to the Estate on account of the Unearned Rent. Attached hereto as Exhibit "A" is a true and correct copy of the Settlement Agreement memorializing the settlement.

9. I have concluded that the transaction between the Debtor and M1/Giacobbe is complicated and not properly understood by M1/Giacobbe. Resolving this matter consensually allows the Estate to avoid both the expense of litigation and the obligation to delve into the confusing nature of this transaction that was handled without the benefit of legal counsel.

10. This settlement also allows the Estate to receive payment voluntarily rather than (i) pursue recovery from M1 which is the signatory to the Lease but has no bank account of its own and (ii) seek to impose personal liability on Giacobbe through application of an alter ego theory.

11. Although I am confident that the litigation will ultimately be successful, the legal fees and delay associated with processing the complaint, reaching judgment and, thereafter, pursuing collection of same, justify providing a discount off receipt of the entirety of the Unearned Rent. In sum, this settlement is above the lowest point in the range of reasonableness, as required by governing case law. See, e.g., *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968); *In re Martin*, 91 F.3d 389 (3d Cir. 1996); *Cosoff v. Rrodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

12. I ask that the Court approve the settlement with Giacobbe as set forth in the Settlement Agreement.

I certify under penalty of perjury that the forgoing is true and correct.

Dated: Oct. 16, 2025

Joseph D. Marchand