**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, New Jersey 08611
(973) 323-8667
Andrea Dobin, Esq.
adobin@msbnj.com
*Attorneys for Joseph D. Marchand, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BROWN, Steven A.,<br><br>     Debtor. | Case No. 24-22747 (ABA)<br><br>Chapter 7<br><br>Honorable Andrew B. Altenburg, Jr., U.S.B.J. |

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release (the "**Agreement**") is entered into by and between Joseph D. Marchand, Chapter 7 Trustee ("**Trustee**") for Steven A. Brown, Chapter 7 debtor (the "**Debtor**"), on the one hand, and Jaime Giacobbe ("**Giacobbe**"), on the other hand. Where appropriate, the Trustee and Giacobbe may be referred to herein as the "Parties."

This Agreement is based on the following facts:

**RECITALS**

**WHEREAS,** prepetition, the Debtor sold the real property located at 114 N. Martindale Ave., Ventnor City, New Jersey (the "**Property**") to Giacobbe through her newly formed entity, Morpheus One, LLC ("**M1**"); and

**WHEREAS**, at the time of the sale of the Property, the Debtor entered into a three (3) year lease with M1 and paid the sum of $150,000 to M1 to cover the rent for the three year period; and

**WHEREAS**, on December 30, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"); and

**WHEREAS,** on December 30, 2024, the Trustee was appointed to serve as the Chapter 7 Trustee, with the duties described in 11 U.S.C. § 704 to collect and reduce to money the property of the estate, and qualified and accepted said appointment; and

1

**WHEREAS**, as of the Petition Date, M1 had not yet earned $79,166.73 of the prepaid rent (the "**Unearned Rent**"); and

**WHEREAS**, the Trustee asserts that the Unearned Rent is property of the Estate pursuant to 11 U.S.C. 541 and has indicated his intent to file an adversary proceeding against Giacobbe to recover same pursuant to 11 U.S.C. §542; and

**WHEREAS**, Giacobbe asserts that she received the Prepaid Rent in good faith and should not be forced to disgorge any of it; and

**WHEREAS**, the parties have reached an agreement concerning the resolution of the claim for turnover of the Unearned Rent;

**NOW THEREFORE**, in consideration of the foregoing recitals, each of which is true and which are incorporated into and made an integral part of this Agreement, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

## AGREEMENT

1.      **Recitals Incorporated.**  The foregoing recital paragraphs are incorporated herein by reference and agreed to by the Parties as if fully set forth at length.

2.      **Settlement Payment and Additional Consideration.**   Within ten (10) days of the Effective Date, defined at paragraph 3 *infra*, Giacobbe will pay to the Trustee the sum of Fifty Thousand Dollars ($50,000)(the "**Settlement Payment**"). The Settlement Payment will be made by Giacobbe by certified check, attorney trust check or bank check made payable to "Estate of Steven Brown, Chapter 7 Bankruptcy, Joseph D. Marchand, Trustee" and mailed to Joseph D. Marchand, Chapter 7 Trustee, 106 Hickory Court, Mullica Hill, NJ 08062.

3.      **Settlement Effective Date.** This Agreement is subject to Bankruptcy Court approval and will be on notice to creditors pursuant to Fed. R. Bankr. P. 9019.  The effective date (the "**Effective Date**") of this Agreement will be upon the entry of an Order approving the Agreement.  In the event any objection is filed to this Agreement, and such objection is not overruled by the Court, this Agreement will be null and void and the parties returned to the *status quo ante*.

4.      **Mutual Release.**  This Mutual Release is hereby entered into by and between the undersigned Parties in full and final satisfaction and discharge of all claims as follows:

> (a)      Giacobbe hereby withdraws, dismisses, releases, waives, and forever discharges with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the bankruptcy Estate, the Trustee, and his professionals.

4922-7840-4976, v. 1

(b)      Upon the payment of the Settlement Payment in good and cleared funds, the Trustee hereby withdraws, dismisses, releases, waives, and forever discharges with prejudice any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against Giacobbe or any entity that she owns, including M1 and Morpheus Two, LLC.

(c)      The undersigned parties hereby represent and warrant that, prior to signing this Mutual Release, they had a full opportunity to consider its terms and discuss them with counsel.  The undersigned parties further represent and warrant that they fully understand the meaning and effect of this Mutual Release and have voluntarily executed it.  Each of the Parties warrants that it is the sole and current owner of the claims released by this Agreement and that it is authorized to enter into this Agreement.  Each individual signing this Agreement on behalf of any Party represents and warrants that he/she has full authority to do so.  Each Party agrees to indemnify the other from any loss or expense (including, without limitation, attorneys' fees) that may be incurred as a result of any breach of this warranty.

5.      **No Admission of Liability.**  The Parties understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission of guilt, wrongdoing, or noncompliance with federal, state or local law, statute, order or regulation, tortious act, breach of contract, or violation of common law, or any other wrongdoing whatsoever.

6.      **Entire Agreement.**  This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

7.      **Execution of Agreement.**  This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together constitute one and the same agreement.  Facsimile and/or scanned signatures are deemed to have the full force and effect of ink signatures, with the parties each required to provide the original signature to counsel for the moving party pursuant to and in accordance with Local Rules.

8.      **Drafting of Agreement.**  This Agreement was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

9.      **Jurisdiction.** The Bankruptcy Court for the District of New Jersey will retain jurisdiction over the terms and conditions of this Agreement, and any and all disputes, claims or actions based upon this Agreement will be heard exclusively by the Bankruptcy Court in the District of New Jersey.

4922-7840-4976, v. 1

 **IN WITNESS WHEREOF**, the Parties have executed this Agreement, as of the date first above written.

<strong>JAIME GIACOBBE</strong>

By:    */s/ Jaime Giacobbe*

Dated: October _21_, 2025           JAIME GIACOBBE

**JOSEPH D. MARCHAND, not personally or individually but solely as Chapter 7 Trustee for Steven A. Brown**

By:     */s/ Joseph D. Marchand*

Dated:  October _23_, 2025         JOSEPH D. MARCHAND
                                    Chapter 7 Trustee

4922-7840-4976, v. 1