# EXHIBIT "A"

# Residential Lease Agreement

This Lease Agreement (the "Agreement") is made and entered on August 01, 2023 (the "Effective Date") by and ›etween Morpheus One, LLC (the "Landlord") and the following tenants:

›teven Alan Brown

the "Tenant")

›ubject to the terms and conditions stated below the parties agree as follows:

. **Property.** Landlord, in consideration of the lease payment provided in this Agreement, leases to Tenant a house with 3 ›edrooms and 1.5 bathrooms, located at 114 N martindale Ave, Ventnor City, New Jersey 08406 (the "Property"). No ›ther portion of the building wherein the Property is located is included unless expressly provided for in this Agreement.

. **Term.** This Agreement will begin on August 01, 2023 (the "Start Date") and will terminate on August 01, 2026 (the 'Termination Date"), and thereafter will be month-to-month on the same terms and conditions as stated herein, save any :hanges made pursuant to law, until terminated.

[enant will vacate the Property upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this \greement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent 'rom Tenant (other than past due Rent), in which case a month-to-month tenancy will be created which either party may erminate by Tenant giving Landlord written notice of at least 30 days prior to the desired termination date, or by Landlorc ;iving Tenant written notice as provided by law. Rent will be at a rate agreed to by Landlord and Tenant, or as allowed by aw. All other terms and conditions of this Agreement will remain in full force and effect.

. **Management.** The Tenant is hereby notified that Morpheus One, LLC is the property manager of the Property. Should he Tenant have any issues or concerns, the Tenant may contact Morpheus One, LLC by one of the methods below:

**\ddress:** 73 Jamestown BLVD, Hammonton, New Jersey 08037
**[elephone:** 856-264-0227
**:mail:** Jagiacobbe@comcast.net

. **Rent.** Tenant will pay to Landlord rent in the amount of **$4,166.66 x 36 Months for a total of $150,000.00** (the 'Rent"), payable in advance on or before the start of the lease. If that day falls on a weekend or legal holiday, the rent is lue on the next business day. There will be no rent increases through the initial term of the lease. Landlord may increase he rent that will be paid during any month-to-month renewal period by providing at least 30 days written notice to Tenant

**'ayments should be sent to:**

'ayment address: 73 Jamestown BLVD, Hammonton, New Jersey 08037, or at such other place as Landlord may lesignate from time to time.

**Payments can be made by using one of the following methods of payment:**

Acceptable forms of payment:

Wire, ACH, EFT only

[enant agrees to submit rent payments by one of the methods above. In the event of roommates, or another form of joint ›r multiple occupancy, Tenant will be responsible for collecting payment from all parties and submitting a single payment o Landlord. Tenant is responsible for any payment made by mail and not received by the due date stated herein.

**5. Failure to** [illegible] may be submitted to a credit reporting [illegible] credit obligations, such as their financial obligations under the terms of this Agreement.

**6. Occupants.** The only persons who may live on the Property during the term of this Agreement are:

Steven Alan Brown, family members, and or any guest of

**7. Possession.** Tenant will be entitled to possession of the Property on the first day of the term of this Agreement, and will yield possession to Landlord on the last day of the term of this Agreement, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant will remove its goods and effects and peaceably yield up the Property to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**8. Use of Property/Absences.** Tenant will occupy and use the Property as a full-time residential dwelling unit. Tenant will notify Landlord of any anticipated extended absence from the Property not later than the first day of the extended absence.

No retail, commercial or professional use of the Property is allowed unless the Tenant receives prior written consent of the Landlord and such use conforms to applicable zoning laws. In such case, Landlord may require Tenant to obtain liability insurance for the benefit of Landlord. Landlord reserves the right to refuse to consent to such use in its sole and absolute discretion.

The failure to abide by the provisions of this section will constitute a material breach of this Agreement and is a just cause for eviction.

**9. Appliances.** The following appliances will be provided by Landlord:

Stove

Refrigerator

Dishwasher

Microwave oven

Washer

Dryer

Tenant will return the Property at the end of the term in the same condition as at the beginning of the lease term, normal wear and tear excepted.

**10. Storage.** No additional storage space on the Property is authorized, permitted or provided.

**11. Parking.** This Agreement does not include or provide for parking spaces for motor vehicles or motorcycles anywhere in or about the Property.

**12. Roof/Fire Escapes.** Use of the roof and/or the fire escapes by Tenants and/or guests is limited to emergency use only. No other use is permitted, including but not limited to, the placement of personal property.

**13. Pets.** Tenant is not allowed to keep any animals or pets on or about the Property without Landlord's prior written consent, except for the following:

**Number of pets allowed:** 2

**Type of pets allowed:**

Dog

Cat

Fish

Bird

**Weight limit for each pet:** No weight limit.

**14. Keys and Locks.** Tenant will be given a set number of keys for the Property. If all keys are not returned to Landlord following termination of the Agreement, Tenant will be charged a monetary fee to replace the keys. If a security deposit was collected by the Landlord at the time of signing this Agreement, then such amount will be subtracted from the Security Deposit. Tenant is not permitted to change any lock or place additional locking devices on any door or window of the Property without Landlord's approval prior to installation. If allowed, Tenant must provide Landlord with keys to any changed lock immediately upon installation.

**15. Maintenance and Repairs.** Landlord will have the responsibility to maintain the Property in good repair at all times and perform all repairs necessary to satisfy any implied warranty of habitability, except that Tenant will be responsible for the following:

Heating

Sidewalk and/or driveway

Case 24-22747-ABA Doc 110-1 Filed 11/06/26 Entered 11/06/26 18:31:59 Desc
Exhibit A Page 5 of 9

Yard areas

ːxcept in an emergency, all maintenance and repair requests must be made in writing and delivered to Landlord or ›roperty manager. If Tenant is delinquent in rent at the time a repair notice is given, Landlord is not obligated to make the ·epair. A repair request will be deemed permission for the Landlord or property manager to enter the Property to perform ;uch maintenance or repairs in accordance with this Agreement unless otherwise specifically requested, in writing, by [enant. Tenant may not place any unreasonable restrictions upon Landlord or property manager's access or entry. ˍandlord will have expectation that the Property is in a safe and habitable condition upon entry.

l6. **Utilities and Services.** Tenant will pay directly for all utilities, services, and charges provided to the Property, ncluding any and all deposits required.

l7. **Default.** Tenant will be in default of this Agreement if Tenant fails to comply with any material provisions of this \greement by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure ιny financial obligation (or any other obligation) after written notice of such default is provided by Landlord to Tenant, ˍandlord may elect to cure such default and the cost of such action will be added to Tenant's financial obligations under his Agreement. All sums of money or charges required to be paid by Tenant under this Agreement will be additional rent, vhether or not such sums or charges are designated as "additional rent." The rights provided by this paragraph are :umulative in nature and are in addition to any other rights afforded by law.

l8. **Holding Over.** Should the Tenant hold over the term hereby created with consent of the Landlord, the term of this ease will become a month-to-month tenancy and be deemed to be and be extended at the rental rate herein provided, and ›therwise upon the terms and conditions in this Agreement, until either party hereto serves upon the other thirty (30) days vritten notice of termination, reflecting the effective date of cancellation.

l9. **Military Termination.** In the event, the Tenant is, or hereafter becomes, a member of the United States Armed Forces ›n extended active duty and hereafter the Tenant receives permanent change of station orders to depart from the area vhere the Property is located, or is relieved from active duty, retires or separates from the military, or is ordered into nilitary housing, then in any of these events, the Tenant may terminate this lease upon giving thirty (30) days written ιotice to the Landlord. The Tenant will also provide to the Landlord a copy of the official orders or a letter signed by the [enant's commanding officer, reflecting the change, which warrants termination under this provision. The Tenant will pay ›rorated rent for any days (he/she) occupy the dwelling past the first day of the month. Any security deposit will be ›romptly returned to the Tenant, provided there are no damages to the Property.

!0. **Condition of Property.** Tenant stipulates, represents and warrants that Tenant has examined the Property, and that hey are at the time of this Agreement in good order, repair, and in a safe, clean and tenantable condition.

!1. **Alterations and Improvements.** Tenant will make no alterations to the buildings or improvements to the Property or :onstruct any building or make any other improvements on the Property without the prior written consent of Landlord. \ny and all alterations, changes, and/or improvements built, constructed or placed on the Property by Tenant will, unless ›therwise provided by written agreement between Landlord and Tenant, be and become the property of Landlord and ·emain on the Property at the expiration or earlier termination of this Agreement.

!2. **Hazardous Materials.** Tenant will not keep on the Property any item of a dangerous, flammable or explosive :haracter that might unreasonably increase the danger of fire or explosion on the Property or that might be considered ιazardous or extra hazardous by any responsible insurance company.

!3. **Lead Disclosure.** Many homes and apartments built before 1978 have paint that contains lead (called lead-based ›aint). Lead from paint chips and dust can pose serious health hazards if not taken care of properly. Federal law requires hat tenants and lessees receive certain information before renting pre-1978 housing. By signing this Agreement, Tenant

epresents and warrants that Landlord has provided Tenant with the EPA booklet entitled *Protect Your Family from Lead in Your Home*.

!4. **Damage to Property.** If the Property is damaged or destroyed as to render it uninhabitable, then either Landlord or Tenant will have the right to terminate this Agreement as of the date on which such damage occurs, through written notice o the other party to be given within 20 days of occurrence of such damage. However, if such damage should occur as the esult of the conduct or negligence of Tenants or Tenants' guests or invitees, Landlord will have the right to termination and Tenants will be responsible for all losses, including, but not limited to, damage and repair costs as well as loss of ental income.

!5. **Landlord Access to Property.** Landlord and Landlord's agents will have the right at all reasonable times during the erm of this Agreement and any renewal thereof to enter the Property for the purpose of inspecting the Property and all buildings and improvements thereon. Tenant will make the Property available to Landlord or Landlord's agents for the purposes of making repairs or improvements, or to supply agreed services or show the Property to prospective buyers or enants, or in case of emergency. Except in case of emergency, Landlord will give Tenant reasonable notice of intent to enter. For these purposes, twenty four (24) hour written notice will be deemed reasonable.

!6. **Indemnity Regarding Use of Property.** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, including reasonable attorney fees, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Property, except Landlord's act or negligence. Tenant hereby expressly releases Landlord and/or agent from any and all liability for loss or damage to Tenant's property or effects whether on the Property, garage, storerooms or any other location in or about the Property, arising out of any cause whatsoever, including but not limited to rain, plumbing leakage, fire or theft, except in the case that such damage has been adjudged to be the result of the gross negligence of Landlord, Landlord's employees, heirs, successors, assignees and/or agents.

!7. **Accommodation.** Landlord agrees to and is committed to complying with all applicable laws providing equal housing opportunities. To ensure compliance, Landlord will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or a tenant, unless undue hardship would result. It is the applicant or tenants responsibility to make Landlord aware of any required accommodation. In writing, the individual with the disability should specify the nature and effect of the disability and any accommodation he or she needs. If after thoughtful consideration and evaluation, the accommodation is reasonable and will not impose an undue hardship, Landlord will make the accommodation. Landlord reserves the right to require appropriate medical verification of the disability.

!8. **Child Protection Window Guard Option.** Pursuant to New Jersey law (NJSA Section 55:13A-7.14), Tenant can have window guards installed on the Property and the public halls (1) by making a written request to Landlord and (2) if a child 10 years of age or younger resides on the Property and (3) if Tenant lives in a dwelling above the first floor. Residents living on the first floor may only request window guards on windows in public halls above the first floor to which persons in the resident's dwelling have access without having to go out of the building. Landlord may, at Landlord's option, recoup the costs associated with the installation of the window guards through increased rent.

!9. **Compliance with Regulations.** Tenant will promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. However, Tenant will not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature.

30. **Mechanics Liens.** Neither Tenant nor anyone claiming through the Tenant will have the right to file mechanics liens or any other kind of lien on the Property and the filing of this Agreement constitutes notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor, or services that such liens will not be valid, and (2) take whatever additional steps that are necessary in order to keep the Property free of all liens resulting from construction done by or for the Tenant.

31. **Subordination of Lease.** This Agreement is subordinate to any mortgage that now exists, or may be given later by Landlord, with respect to the Property.

**32. Assignm**… mortgage or pledge this Agreement, without the prior written … which will not be unreasonably withheld.

**33. Additional Provisions; Disclosures.**

Total rent of $150,000 for 36 months is due on or about the purchase date of the property from Steven Brown to Morpheus One, LLC

**34. Truth In Renting.** Resident acknowledges receipt today of the Truth in Renting information, required to be provided by New Jersey law (NJSA Section 46: 8-45).

**35. Notice.** Notice under this Agreement will not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed to the party at the appropriate address set forth below. Such addresses may be changed from time to time by either party by providing notice as set forth below. Notices mailed in accordance with these provisions will be deemed received on the third day after posting.

**Landlord:**

Morpheus One, LLC
73 Jamestown BLVD, Hammonton, New Jersey 08037

**Tenant:**

Steven Alan Brown
14 N martindale Ave, Ventnor City, New Jersey 08406

Such addresses may be changed from time to time by any party by providing notice as set forth above.

**36. Attorney's Fees.** The prevailing party shall have the right to collect from the other party its reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing this Agreement.

**37. Dispute Resolution.** The parties will attempt to resolve any dispute arising out of or relating to this Agreement through friendly negotiations amongst the parties. If the matter is not resolved by negotiation, the parties will resolve the dispute using the below Alternative Dispute Resolution (ADR) procedure:

Any controversies or disputes arising out of or relating to this Agreement will be submitted to mediation in accordance with any statutory rules of mediation in the State of New Jersey. If mediation is not successful in resolving the entire dispute or is unavailable, any outstanding issues will be submitted to final and binding arbitration in accordance with the laws of the State of New Jersey. The arbitrator's award will be final, and judgment may be entered upon it by any court having jurisdiction within the State of New Jersey.

**38. Governing Law.** This Agreement will be governed, construed and interpreted by, through and under the Laws of the State of New Jersey.

**39. Waiver and Severability.** The failure of either party to enforce any provisions of this Agreement will not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement. If any provision of this Agreement or the application thereof will, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Agreement nor the application of the provision to other persons, entities or circumstances will be affected thereby, but instead will be enforced to the maximum extent permitted by law.

**40. Time of Essence.** Time is of the essence with respect to the execution of this Lease Agreement.

**11. Estoppel** [illegible] will [illegible] re[illegible] andlord or
Landlord's agent within three (3) days after its receipt [illegible] this requirement will be deemed Tenant's acknowledgment that the estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**12. Entire Agreement.** This document constitutes the entire Agreement between the Tenant and Landlord. This Agreement cannot be modified except in writing and must be signed by all parties. Neither Landlord nor Tenant have made any promises or representations, other than those set forth in this Agreement and those implied by law. The failure of Tenant or its guests or invitees to comply with any term of this Agreement is grounds for termination of the tenancy, with appropriate notice to Tenants and procedures as required by law.

**13. Application.** Tenant represents and warrants that all statements in Tenant's rental application are accurate. Any misrepresentations will be considered a material breach of this Agreement and may subject Tenant to eviction. Tenant authorizes Landlord and any broker to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Lease. Landlord reserves the right to terminate this Agreement (i) before occupancy begins, (ii) upon disapproval of the credit report(s), or (iii) at any time, upon discovering that information in Tenant's application is false.

**14. Binding Effect.** The provisions of this Agreement will be binding upon and inure to the benefit of parties and their respective legal representatives, successors and assigns.

**IN WITNESS WHEREOF**, the Landlord and Tenant have executed this Agreement in the manner prescribed by law as of the Effective Date.

**Landlord:**

By: 8.1.23

Morpheus One, LLC
73 Jamestown BLVD
Hammonton, New Jersey 08037

**Tenant:**

By: 8.1.23

Steven Brown